UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| WILLIAM REED ) | |
|     *Plaintiff*, ) | |
| v. ) | No. 1:22-cv-183-KAC-CHS |
| ) | |
| KIRAN TRANSPORT, LLC and ) | |
| NATHAN BLAKE, ) | |
|     *Defendants*. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon the parties' Joint Motion to Set Aside Entry of Default (the "Joint Motion") [Doc. 24] filed by Plaintiff William Reed and Defendant Kiran Transport, LLC ("Kiran"). This motion has been referred by the District Court to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b) [Doc. 25]. For the reasons stated herein, it is **RECOMMENDED** that the Joint Motion be **GRANTED**.

Kiran is an interstate motor carrier and, as such, is required under federal regulations to register a process agent, called a BOC-3 agent, for service of process purposes in the event it is named as a defendant in a civil action.[1] The Clerk of Court entered default against Kiran [Doc. 19, Clerk's Entry of Default], after Kiran failed to timely respond to the complaint and to the District Court's show cause order as to why a default should not be entered [Doc. 12, Show Cause Order]. However, both Plaintiff and Defendant Kiran aver that the summons and complaint intended for Kiran was inadvertently served upon the *wrong* BOC-3 process agent[2] and, therefore, Kiran never

---

[1] A BOC-3 process agent is a "representative upon whom court papers may be served in any proceeding brought against a motor carrier, broker, or freight carrier." United States Department of Transportation, Federal Motor Carrier Safety Administration, "What is a Process Agent?", https://www.fmcsa.dot.gov/registration/process-agents (last visited 6/29/23). Every motor carrier must designate a BOC-3 process agent with the Federal Motor Carrier Safety Administration. *Id.*, *see also* 49 C.F.R. Part 366.

[2] Kiran had changed BOC-3 process agents one month before Plaintiff had attempted to serve it. [Doc. 24, Joint Motion at Page ID # 87, ¶ 7].

received the summons and complaint. [The Joint Motion at Page ID # 87-88, ¶¶ 7-11]. Defendant Nathan Blake has not filed a response to the Joint Motion and, therefore, has waived his objections, if any, to it. E.D. TN L. R. 7.2.

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause[.]" Whether good cause exists to set aside an entry of default is evaluated on the basis of three factors:

> (1) whether culpable conduct of the defendant led to the default,
>
> (2) whether the defendant has a meritorious defense, and
>
> (3) whether the plaintiff will be prejudiced.

*Courser v. Allard*, 969 F.3d 604, 624 (6th Cir. 2020) (citing *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006)). Plaintiff and Kiran agree that good cause exists to set aside the default. [*See* Joint Motion at Page ID # 88, ¶ 13]. More specifically, they agree that Kiran is not culpable for the default, and Plaintiff states that setting it aside will not prejudice Plaintiff. [*Id.*]. As to the meritorious defense, Kiran need not show that it is likely to succeed on the merits; it need only show that "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 326 (6th Cir. 2010) (citing *Burrell*, 434 F.3d at 834). Plaintiff reluctantly concedes that Kiran meets this standard. [Joint Motion at Page ID # 88, ¶ 13]. In addition, the Sixth Circuit has expressed a strong preference for resolving cases on the merits and has been "extremely forgiving to the defaulting party" when discussing motions to set aside entry of a default. *$22,050.00 U.S. Currency*, 595 F.3d at 322 (citing, e.g., *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (stating that the district court has "considerable latitude" to grant relief from a default).

Accordingly, for all the reasons discussed, the Court finds that good cause exists pursuant to Rule 55(c), and it is **RECOMMENDED** that the default entered against Defendant Kiran Transport, LLC be **SET ASIDE**.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE